**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★    SEP 01 2010

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
FRANK BOATSWAIN,

      Petitioner,

      -against-

UNITED STATES OF AMERICA,

      Respondent.

-------------------------------------------------X
TOWNES, United States District Judge:

No. 10-CV-711


MEMORANDUM & ORDER

## INTRODUCTION

Petitioner Frank Boatswain was convicted in this Court of conspiracy to commit mail fraud (18 U.S.C. § 1349) and aggravated identity theft (18 U.S.C. § 1028A). Petitioner pled guilty to the charges and was sentenced to a term of incarceration of 134 months. He then brought this petition in February 2010 pursuant to 28 U.S.C. § 2255 and wrote a letter addressed to the Clerk of Court requesting that "a Fair and neutral judge hear my 2255 motion." (Docket No. 3.) Petitioner makes reference to a judicial misconduct complaint he filed in 2007 and asks that "this Honorable Court Find out will Judge Townes be bias towards me and my motion, or assign a different Judge to hear it." (*Id.*)

The Court will construe the Petitioner's letter as a recusal motion. For the reasons set forth below, the motion is denied. "A judge 'shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned.'" *U.S. v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (quoting 28 U.S.C. § 455(a)). Recusal is appropriate when "the judge has 'a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.'" *Id.* (quoting 28 U.S.C. § 455(b)(1)). The principal question is



whether "'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal,' or alternatively, whether 'a reasonable person, knowing all the facts,' would question the judge's impartiality." *Id.* (quoting *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir.1992)).

"The mere filing of a complaint of judicial misconduct is insufficient to require a judge to step down from further handling of a case." *U.S. ex rel. Fortier v. Winters*, No. 00 C 7058, 2007 WL 118225, at *2 (N.D. Ill. 2007); *see also Flemming v. City of New York*, No. 02 CV 6613, 2006 WL 898081, at *6 (E.D.N.Y. Mar. 31, 2006). Petitioner has not shown a valid ground for recusal. Indeed, the only basis for the motion is his filing of a judicial complaint, which was dismissed in 2007. Petitioner has failed to demonstrate any bias or prejudice, and the mere reference to the misconduct complaint is insufficient to warrant recusal. The Court is prepared to fairly adjudicate the instant petition without any bias or prejudice. Accordingly, Petitioner's recusal motion is DENIED.

SO ORDERED.

/s/
SANDRA L. TOWNES, U.S.D.J.

Dated:     8/30/2010
           Brooklyn, New York

Page 2 of 2