FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ SEP 14 2010
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X
FRANK BOATSWAIN,

    Petitioner,

    -against-

UNITED STATES OF AMERICA,

    Respondent.
-----------------------------------------------X

No. 10-CV-711

**MEMORANDUM & ORDER**

TOWNES, United States District Judge:

    Petitioner Frank Boatswain was convicted in this Court of conspiracy to commit mail fraud (18 U.S.C. § 1349) and aggravated identity theft (18 U.S.C. § 1028A). Petitioner pled guilty to the charges and was sentenced to a term of incarceration of 134 months. The Plea Agreement stated that "[t]he defendant agrees not to file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a term of imprisonment of 161 months or below." (Paragraph 4.) The Plea Agreement also provided that "[t]he defendant agrees not to challenge a finding that the loss amount exceeded $200,000 and that the offenses involved more than 50 victims." (Paragraph 2.)

    At the plea proceeding, the Petitioner stated that he had freely and voluntarily entered into the plea agreement. The Court specifically advised the Petitioner about the appellate waiver provision, and Petitioner affirmed that he understood it:

| | |
|---|---|
| Court: | Yes. You are agreeing not to file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a term of imprisonment of 161 months or below. Do you understand that? |
| Defendant: | Yes. |

1

The Court also asked Petitioner about defense counsel's representation in the following exchange:

> Court: Mr. Boatswain, are you satisfied with the legal representation which you have been afforded by your counsel up to this point?
>
> Defendant: Yes.

After he was sentenced, Petitioner appealed, and the Second Circuit Court of Appeals affirmed the judgment of conviction. The Second Circuit held that Petitioner's claims were "barred by the waiver of appeal in the plea agreement." *U.S. v. Boatswain*, 287 Fed. Appx. 125 (2d Cir. 2008). The Supreme Court then denied a petition for a writ of certiorari. 129 S.Ct. 1382. This petition, brought pursuant to 28 U.S.C. § 2255, then followed.

In the petition, Petitioner challenges his sentence, asserting that his rights were violated by the inclusion of three convictions in his criminal history category calculation, and claiming that he received ineffective assistance of counsel. In support of the ineffective assistance claim, Petitioner points to counsel's failure to challenge a four-level sentencing enhancement for more than fifty victims pursuant to Guideline 2B1.1(2)(B). Petitioner's claims are barred because he received a sentence within the range set forth in the plea agreement. The claims challenging the inclusion of prior convictions in his criminal history category calculation are also procedurally barred because they were not raised on direct appeal. *See Zhang v. U.S.* 506 F.3d 162, 166 (2d Cir. 2007) ("In general, a claim may not be presented in a habeas petition where the petitioner failed to properly raise the claim on direct review."); *Ethridge v. U.S.*, No. 08-CV-4868, 2010 WL 2735826, at *4 (E.D.N.Y. July 9, 2010). FN1 Petitioner has not shown sufficient cause for failing

---

1 With respect to the New Jersey conviction, Petitioner claims that he is "awaiting this charge to be vacated/expunged." (Petition at 8.) However, Petitioner would have fallen within the highest criminal history

2

to raise these claims on direct appeal or actual prejudice. Moreover, he has not made a showing of actual innocence.

"A defendant's knowing and voluntary waiver of his right to appeal a conviction and sentence within an agreed upon guideline range is enforceable." *U.S. v. Pearson*, 570 F.3d 480, 485 (2d Cir. 2009). "In no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless." *U.S. v. Salcido-Contreras* 990 F.2d 51, 53 (2d Cir. 1993). As the plea transcript demonstrates, Petitioner's plea and waiver of his right to appeal was knowing and voluntary. He clearly and unequivocally waived his right to "appeal *or otherwise challenge* the conviction or sentence." (Plea Agreement, Paragraph 4) (emphasis added). Moreover, the Court specifically confirmed that he understood this provision before accepting his plea.

Petitioner attempts to "circumvent the plain language of this waiver provision" by arguing that counsel failed to challenge the four-level enhancement at sentencing. *U.S. v. Djelevic*, 161 F.3d 104 (2d Cir. 1998). The Second Circuit rejected such an attempt in *Djelevic*, holding that "[i]f we were to allow a claim of ineffective assistance of counsel at sentencing as a means of circumventing plain language in a waiver agreement, the waiver of appeal provision would be rendered meaningless." *Id.* at 107; *see also Diaz v. U.S.*, No. 05 CV 3907, 2010 WL 3282650, at *1 (E.D.N.Y. Aug. 18, 2010). Indeed, a "waiver provision is a very important part of the agreement-the Government's motivating purpose, decreased effort and expense of protracted litigation, is not well-met if the defendant is permitted to appeal that to which he has agreed." *U.S.*

---

category, Category VI, even if this conviction was not included in the criminal history calculation.

*v. Rosa*, 123 F.3d 94, 97 (2d Cir. 1997).

Moreover, Petitioner has not established that counsel was ineffective in any way. Ineffective assistance of counsel claims are assessed under the two-prong test crafted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). In order "to establish a claim for ineffective assistance of counsel, a petitioner must demonstrate: 1) that his counsel's performance was deficient, and 2) that counsel's deficient performance prejudiced him." *Arakelian v. U.S.*, Nos. 08 Civ. 3224 & 04 Cr. 447, 2009 WL 211486, at *4 (S.D.N.Y. Jan. 28, 2009). The petition does not refer to any conduct on the part of defense counsel that was deficient, and Petitioner has not demonstrated that he suffered any prejudice as a result of any actions taken by counsel.

Accordingly, the instant petition for a writ of habeas corpus is **DENIED**. A certificate of appealability shall not be issued because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court certifies that any appeal would not be taken in good faith and therefore in forma pauperis status is **DENIED** for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: September 10, 2010
Brooklyn, New York

/ SANDRA L. TOWNES, U.S.D.J.

4