UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
FRANK BOATSWAIN,

               Petitioner,

     -against-                               **MEMORANDUM AND ORDER**

UNITED STATES OF AMERICA            10-CV-711 (SLT)

               Respondent.
-----------------------------------------------------------------x

**TOWNES, United States District Judge:**

      Petitioner Frank Boatswain was convicted in this Court of conspiracy to commit mail fraud (18 U.S.C. §1349) and aggravated identity theft (18 U.S.C. §1028A). Petitioner pled guilty to the charges and was sentenced to a term of incarceration of 134 months. After he was sentenced, Petitioner appealed, and the Second Circuit Court of Appeals affirmed the judgment of conviction. The Second Circuit held that Petitioner's claims were "barred by the waiver of appeal in the plea agreement." *U.S. v. Boatswain*, 287 Fed. Appx. 125 (2d Cir. 2008). The Supreme Court then denied a petition for writ of certiorari. *Boatswain v. U.S.*, 129 S.Ct. 1382 (2009). Petitioner next filed a petition with this Court pursuant to 28 U.S.C. §2255, which this Court denied in an order dated September 14, 2010. On November 15, 2011, after receiving an extension of time from this Court, Petitioner filed a motion for reconsideration pursuant to Fed. Rule Civ. P. 59(e). For the reasons set forth below, petitioner's motion is denied.

## BACKGROUND

      The Court presumes familiarity with the factual background in this matter. *Boatswain v. U.S.*, 2010 WL 3718854 (E.D.N.Y. 2010). However, for the convenience of the reader, the Court will provide a synopsis of the undisputed facts relating to the instant motion for reconsideration.

Petitioner's plea agreement associated with his guilty plea stated that "[t]he defendant agrees not to file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a term of imprisonment of 161 months or below." (Paragraph 4.) The plea agreement also provided that "[t]he defendant agrees not to challenge a finding that the loss amount exceeded $200,000 and that the offenses involved more than 50 victims."

At the plea proceeding, the Petitioner stated that he had freely and voluntarily entered into the plea agreement, and the Court specifically advised the Petitioner about the appellate waiver provision. The petitioner verbally affirmed that he understood it. After his sentence, Petitioner appealed, and the Second Circuit Court of Appeals affirmed the judgment of conviction, holding that Petitioner's claims were "barred by the waiver of appeal in the plea agreement." *U.S. v. Boatswain*, 287, Fed. Appx. 125 (2d Cir. 2008). The Supreme Court subsequently denied a petition for writ of certiorari. 129 S.Ct. 1382. Petitioner then brought a petition pursuant to 28 U.S.C. Sec. 2255, which this Court denied in an order dated September 10, 2010.

Petitioner's petition pursuant to 28 U.S.C. §2255 petition asserted: (1) that his rights were violated by the inclusion of three convictions in his criminal history category calculation; and (2) that he received ineffective assistance of counsel. In support of the ineffective assistance claim, Petitioner pointed to counsel's failure to challenge a four-level sentencing enhancement for more than fifty victims pursuant to Guideline 2B1.1(2)(B). The Court found that Petitioner's claims challenging the inclusion of prior convictions in his criminal history category calculation are procedurally barred because they were not raised on direct appeal. *Boatswain*, 2010 WL 3718854 at *1 (citing *Zhang v. U.S.* 506 F.3d 162, 166 (2d Cir. 2007). Further, the Court found that Petitioner's claims were barred because he received a sentence within the range sent forth in the plea agreement. The Court also found that Petitioner did not demonstrate that his counsel's

2

performance was deficient or that counsel's deficient performance prejudiced him. *Boatswain*, 2010 WL 3718854 at *2 (citing *Arakelian v. U.S.*, Nos. 08 Civ. 3224 & 04 Cr. 447, 2009 WL 211486, at *4 (S.D.N.Y. 2009).

## DISCUSSION

### Standard for Reconsideration

It is well settled that the determination of whether to "grant or deny a motion for reconsideration lies squarely within the discretion of the district court." Murphy v. First Reliance Standard Life Ins. Co.. No. 08-CV-3603 (DRH) (WDW), 2010 WL 2243356, at *3 (E.D.N.Y. June 1, 2010). Additionally, the standard is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see Local Civ. R. 6.3. For decisions or data to have been "overlooked," they "must have been put before the court on the underlying motion." Chin v. U.S. Postal Service, No. 08-CV-1035 (FB) (CLP), 2009 WL 3174144, at *1 (E.D.N.Y. Oct. 1, 2009) (internal quotation marks and bracketing omitted). A motion for reconsideration therefore is not a vehicle for a "moving party seek[ing] solely to relitigate an issue already decided." Shrader, 70 F.3d at 257. Ultimately, a motion for reconsideration "is not favored and is properly granted only upon a showing of exceptional circumstances," Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004), such as to correct "clear error" or to prevent "manifest injustice," Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004).

### Petitioner's Motion for Reconsideration

Petitioner filed his motion for reconsideration on November 15, 2010, arguing that the

Court overlooked several facts related to its ruling that "Petitioner has not established that counsel was ineffective in any way." Docket No. 18 at 4. Petitioner argues that the Court failed to consider facts showing that his counsel: (1) failed to challenge the government's assertion that 50 or more victims were involved in the offense; (2) failed to assure that the plea agreement "was upheld and fulfilled;" (3) failed to tell Petitioner that the government was going to conduct a *Fatico* hearing on March 16, 2007; and (4) made racial slurs against the petitioner. *See* Docket No. 24 at 3-4. Petitioner's attempt to relitigate these issues is unavailing, therefore, the Court denies his motion for consideration.

Petitioner fails to demonstrate that the Court overlooked any facts that would change the outcome of his case. Specifically, this Court addressed at length petitioner's first argument that his counsel failed to challenge a four-level sentencing enhancement for more than fifty victims pursuant to Guideline 2B1.1(2)(B). Docket No. 18 at 3-4. The Court found that Petitioner's claims are barred because he received a sentence within the range set forth in the plea agreement, to which he agreed. Docket No. 18 at 3-4; *U.S. v. Pearson*, 570 F.3d 480, 485 (2d Cir. 2009) ("A defendant's knowing and voluntary waiver of his right to appeal a conviction and sentence within an agreed upon guideline range is enforceable.") Plaintiff's motion for reconsideration merely rehashes his previous argument, which the Court properly considered and denied.

In addition to his motion, Petitioner submitted an additional brief of supplemental argument, analogizing the facts of the instant case to *United States v. Lewis*, 88 Fed. Appx. 898 (6th Cir. 2004). Even if this Court were bound by Sixth Circuit precedent, nothing in *Lewis* changes the Court's analysis. The Petitioner in *Lewis* preserved his objection to the calculation of the number of victims, whereas Petitioner Boatswain failed to do so. During the August 16, 2006 plea hearing, Petitioner specifically stated that he agreed not to challenge that the offense

4

involved more than 50 victims. Hearing Tr., August 12, 2006, at 12:16-21. Further, Petitioner's second claim that his counsel was ineffective for failing to assure that the plea agreement "was upheld and fulfilled" is a reiteration of his first argument and is equally unavailing for the reasons set forth above.

Third, Petitioner argues that his counsel was ineffective for failing to inform him that the government chose to hold a *Fatico* hearing at a March 16, 2007 conference, however, petitioner fails to show how he was prejudiced by his counsel's alleged actions. Finally, petitioner argues that this Court overlooked his allegations that his counsel made a racial slur towards him, however, the Court noted that during his plea proceeding, Petitioner responded in the affirmative to the Court's inquiry as to whether he was satisfied with his counsel. *See* Docket No. 18 at 2. Petitioner fails to show that the Court overlooked any facts with regard to this allegation.

## CONCLUSION

For the foregoing reasons, petitioner's motion for reconsideration is denied in its entirety.

**SO ORDERED.**

SANDRA L. TOWNES

United States District Judge

Dated: Brooklyn, New York

May 20, 2011